UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JERMANE L. WATSON, | CASE NO. 5:12 CV 1083 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MEMORANDUM OF OPINION AND ORDER |
| JOHNNY O'S INC., *et al.*, | |
| Defendants. | |

*Pro se* plaintiff Jermane L. Watson filed the above-captioned action against his former employer Johnny O's Inc. and two of its employees; namely, John Commings and Joe Hoover. Under the case caption of his Complaint Mr. Watson writes: "1 §500.101 [and] 26 §301.6652-1." He alleges his former employer failed to provide a safe work environment, wrongfully terminated him in 2010, and failed to provide a complete W-2 form for 2010. He seeks damages in the amount of $7,777.79, as well as the recovery of any penalties he may have to pay for not filing his taxes in 2010.

*Background*

On or about June 5, 2010 Mr. Watson was employed by Johnny O's, a lawn care service located in Canton, Ohio. While en route to an assignment in Massillon, Ohio he alleges his

employer advised that "no blacks could ride in the trucks together." (Compl. at 1.) As a result, Mr. Watson, who is African American, rode in a truck with seven Caucasian employees.

At some point during the day, Manager Joe Hoover allegedly punched Mr. Watson in the face. That same day, he also fired Mr. Watson "without warning because one 3 x 3 concrete pad had grass on it." (Compl. at 1.)

A police officer was present after the punching incident and spoke with Mr. Hoover, who allegedly admitted hitting Mr. Watson in the face. When Mr. Watson asked the officer to arrest Mr. Hoover, however, the officer allegedly directed Mr. Watson "to shut up and stand over there before he arrested me." (Compl. at 2.) No additional facts are alleged regarding the nature of this dispute.

After his employment was terminated, Mr. Watson alleges Johnny O's never sent him an Internal Revenue Service (I.R.S.) Form W-2 for 2010 tax year. He claims he received a "partial W2 in 2011 after the Ohio wage and hour audited the company." (Compl. at 2.) This action allegedly resulted from the company being forced to pay "some wages that [sic] failed to pay." *Id.* Still, Mr. Watson claims he never received a W-2 form for the "*total* amount of hours that I worked for this company." *Id.* (emphasis added). As a result, he asks the Court to include "whatever penalties and fines I may suffer for not filing taxes in 2010." *Id.*

Based on the facts alleged in his Complaint, Mr. Watson claims he is entitled to damages for business losses he suffered from a failed lawn care operation he attempted to "grow from humble beginnings." *Id.* In addition, he avers he suffered mental anguish from the assault by Mr. Hoover.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e)

*Federal Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Here, Mr. Watson has not stated any basis for this Court's subject matter jurisdiction.

The Court presumes that the partial citations annotated at the top of Mr. Watson's pleading are: 1 *C.F.R.* § 500.101 and 26 *C.F.R.* §301.6652-1. If this presumption is true, then the first regulation he asserting he is entitled to relief is under the *Enforcement of Nondiscrimination on the Basis of Handicap in Programs or Activities Conducted by the National Commission for Employment Policy*. Based on the facts alleged in the Complaint, however, the regulation has no bearing on Mr. Watson's claims. The purpose of the regulation is to effectuate an Amendment to section 504 of the Rehabilitation Act of 1973 , 29 U.S.C. § 794. The Act only applies to federal employees who are handicapped. There is no allegation that Mr. Watson is handicapped or was employed by the federal government. .

The second regulation, titled *Failure to file certain information returns*, addresses

the penalties for failing to file statements required by 26 U.S.C. §§ 6042(a)(1), 6044(a)(1), and 6049(a)(1).[1] None of the statements referenced by the statutes in this regulation are relevant to the facts alleged in Mr. Watson's Complaint.

To the extent he is complaining that he is entitled to damages as a result of his employer's failure to provide a W-2 Form, he has not alleged any injury that would entitle him to relief. Although employers are required to timely furnish a W-2 for each of their employees, as well as a duplicate W-3 Form to the I.R.S., *see* 26 U.S.C. § 6051, Mr. Watson does not allege he ever attempted to file a tax return in 2010 without a W-2 Form.[2] At this stage, he has not incurred any penalty or demonstrated he is otherwise entitled to seek relief under any relevant statute. Moreover, any civil or criminal penalties assessed against Johnny O's for a violation of 26 U.S.C.§ 6051 would inure to the I.R.S., not Mr. Watson.

Even if Mr. Watson is subjected to penalties resulting from his failure to file a tax return in 2010, he would need to first pay the penalties before he were even entitled to challenge the assessment. Under the Anti-Injunction, any suit to restrain the assessment or collection of

---

[1] The regulation only applies when an employer fails to file the requisite statement "relating to information returns with respect to payments of dividends aggregating $10 or more in a calendar year [Section 6042(a)(1)]; relating to information returns with respect to certain payments by cooperatives aggregating $10 or more in a calendar year [Section 6044(a)(1)];[or] relating to information returns with respect to payments of interest aggregating $10 or more in a calendar year [Section 6049(a)(1)]." 26 C.F.R. § 301.6652-1(a).

[2] Where an employee has asked the I.R.S. how to report wages when an employer has failed to provide a W-2, the I.R.S. has provided taxpayers with I.R.S. form 4598, "Form W–2, or 1099 Not Received or Incorrect," as a substitute form. *See e.g. Weisman v. C.I.R.,* 103 F. Supp.2d 621 E.D.N.Y. 2000; *Winter v. United States*, No. Civ.H98–3292, 2000 WL 1690292 (S.D. Tex., Sept. 19, 2000); *Visco v. C.I.R.*, T.C. Memo. 2000-77, 2000 WL 251687 (U.S. Tax Ct. Mar. 7, 2000).

any tax or "any penalty claimed to have been collected without authority," is prohibited. *See* 26 U.S.C. § 7422(a).

The balance of Mr. Watson's Complaint fails to state any federal claim for relief. While he alleges his employer stated "no blacks could ride in the truck together," he does not rely on this statement to form any basis for a cause of action. Mr. Watson's alleged injuries are based simply on a generic claim of wrongful termination, assault and his employer's failure to provide a W-2 Form for 2010. Without otherwise alleging facts that would elevate these acts to a federal claim, Mr. Watson has failed to establish this Court has subject matter jurisdiction over his claims.

*Conclusion*

Based on the foregoing, Mr. Watson's Motion to Proceed *In Forma Pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e), but without prejudice to any state law claims he may seek to assert. Further, the Court certifies that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Christopher A. Boyko

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: June 28, 2012

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."